# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-51095
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Otto Edward Christofferson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-118-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Otto Edward Christofferson pleaded guilty to one count of possession with intent to distribute five grams or more of actual methamphetamine, and the district court sentenced him within the advisory guidelines range to 293 months of imprisonment.  He now appeals and challenges only his sentence.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-51095

First, Christofferson argues that the district court erred in assigning him a base offense level of 36 under U.S.S.G. § 2D1.1(a)(5) based on its estimate of the drug quantity attributable to him.  He challenges the reliability of his statements to police about his prior drug distribution because he was intoxicated at the time of his arrest and also contends that laboratory tests did not establish the purity of the unseized methamphetamine.  Christofferson also asserts that the drug quantity approximation was unreliable because there was no evidence to corroborate the finding that he sold three ounces of methamphetamine for 21 days.

For preserved error, we review the district court's interpretations of the Guidelines de novo and the district court's factual findings for clear error. *United States v. Haines*, 803 F.3d 713, 743 (5th Cir. 2015).

As to the reliability of his statements to police, the district court did not err in relying upon them to extrapolate the drug quantity.  *See United States v. Barfield*, 941 F.3d 757, 764 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020); *Haines*, 803 F.3d at 743.  Christofferson alleges that his intoxication rendered the statements unreliable, but medical officials cleared him twice after his arrest.  Therefore, the finding that Christofferson's statements regarding his prior drug distribution were reliable was plausible in the light of the record as a whole.  *See United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).  In addition, given that the Guidelines specifically allow for estimating drug quantity, a straightforward multiplication based on the amounts and time span provided by Christofferson was not clearly erroneous. *See* § 2D1.1, comment. (n.5); *Barfield*, 941 F.3d at 764.

Similarly, Christofferson has not shown that the district court clearly erred by estimating the drug purity based on the unrebutted facts in the presentence report.  *See United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019); *Alaniz*, 726 F.3d at 618-19.  The record reflected that the purity rate

of the drugs seized from Christofferson's safe was 98%. In the absence of any evidence to the contrary, the district court plausibly could have found that the methamphetamine distributed by Christofferson prior to his arrest had a similar purity rate. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012). Because the challenged factual findings are plausible in light of the record as a whole, Christofferson has shown no clear error in the district court's calculation of the drug quantity attributable to him. *See Alaniz*, 726 F.3d at 618.

Second, Christofferson asserts that the district court imposed a substantively unreasonable sentence because the sentence was greater than necessary to comply with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Christofferson's conclusional assertion that a lower sentence would have satisfied the goals of § 3553(a) constitutes a mere disagreement with the district court's weighing of those factors, which is insufficient to justify reversal. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, Christofferson fails to rebut the presumption of reasonableness that applies to his within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

AFFIRMED.